# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RANDALL J. NOVAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:14-CV-1681-TLS |
| | ) | |
| CITY OF MICHIGAN CITY, | ) | |
| INDIANA, CITY OF MICHIGAN | ) | |
| CITY FIRE DEPARTMENT, CITY OF | ) | |
| MICHIGAN CITY FIRE CHIEF, | ) | |
| RONNIE MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion for Approval of Settlement [ECF No. 25]. The Plaintiff brought claims against the Defendants pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*. The parties dispute what, if any, amount is owed to the Plaintiff, but desire to settle and resolve the case in its entirety. The Motion is based on a Settlement Agreement reached through mediation held on April 29, 2015

Stipulated settlements in an FLSA case for the recovery of unpaid minimum wages or unpaid overtime compensation must be approved by the Court in the absence of direct supervision by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010). "[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). But "[s]ection 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly." *Id.* Because the Secretary has not supervised this settlement, and the parties request Court approve, this Court will consider

whether to approve the Settlement Agreement and Release of All Claims [ECF No. 25-1].

"To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder,* 750 F. Supp. 2d at 994–95 (citations, brackets, and quotation marks omitted). The reviewing Court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494(DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

In this case, the parties are represented by counsel, who have negotiated in good faith and at arm's length. Their settlement was reached after review of written discovery and an extended mediation session. The parties determined that the value of an immediate recovery of the wages owed "outweigh[ed] the mere possibility of further relief after protracted and expensive litigation." *Reyes,* 2009 WL 5841177 at *3. In doing so, they considered that the settlement provides for payment of back wages, as well as additional amounts for compensatory damages and attorney fees. Further, resolving the litigation at this stage would avoid, not only the expense of protracted litigation, but further disruption of governmental operations that would be brought about by requiring key government officials to attend depositions and provide extensive document discovery. The Settlement Agreement release extends to the claims "arising out of or relating to the incidents described in the Plaintiff's Complaint," and, thus, is not over broad.

(Settlement Agr. ¶D.5, ECF No. 25-1.) There are no indications of fraud, duress, or unequal bargaining power.

Finding that the Settlement Agreement "reflects a reasonable compromise of disputed issues," *Burkholder,* 750 F. Supp. 2d at 995, the Court approves the Settlement Agreement. The Settlement Agreement requires the parties to complete their obligations under the Agreement within 15 days of the Court's approval. Therefore, not later than August 27, 2015, the parties shall file a stipulation for dismissal with prejudice or a status report indicating why they have not done so.

For the reasons stated above, the Court GRANTS the Joint Motion for Approval of Settlement [ECF No. 25]. The Court ORDERS the parties to file a stipulation for dismissal with prejudice or provide notice in writing why they have failed to do so not later than August 27, 2015.

SO ORDERED on August 7, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION